UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-20513-CR-ROSENBERG/HOPKINS

UNITED STATES OF AMERICA

          Plaintiff,

vs.

EDWARD JEROME ALEXANDER,

          Defendant.

_____/



## REPORT AND RECOMMENDATION ON DEFENDANT EDWARD JEROME ALEXANDER'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENT (DE 15)

**THIS MATTER** is before the Court on reference from United States District Judge Robin L. Rosenberg (DE 16). Before the Court are Defendant Edward Jerome Alexander's Motion to Suppress Physical Evidence and Statement (DE 15), and the Government's Response (DE 19). A hearing was held on September 10, 2014 (DE 20). The Defendant is charged by Indictment with one count of possession of a firearm by a convicted felon (DE 6). Defendant seeks to suppress all physical and testimonial evidence derived from the search and seizure of Defendant's automobile conducted on July 8, 2014. For the reasons that follow, this Court **RECOMMENDS** that Defendant's Motion (DE 15) be **DENIED**.

## BACKGROUND

An evidentiary hearing on the instant Motion was held in the Southern District of Florida at West Palm Beach, on September 10, 2014 (DE 20). The Government was represented by AUSA Francisco Raul Maderal and Defendant was represented by Assistant Federal Public

Defender Joaquin Padilla. Miami-Dade Police Officers Dustin James and Mark Pierre-Louis and a Task Force Officer from the Bureau of Alcohol, Tobacco, and Firearms, Detective Corey Thomas, testified at the hearing (DE 21).

The evidence introduced at the hearing established that around 1:00 pm on July 8, 2014, Detective James and Sergeant Pierre-Louis were stopped at a red light of an intersection in their unmarked police car when they witnessed Defendant run a red light. The officers also noticed through the untinted windows of Defendant's vehicle that Defendant was not wearing his seatbelt. Defendant was driving a silver Buick Regal, and his mother, Onimar Johnson, was a passenger in the car. To effect a traffic stop, the officers made a U-turn at the intersection, followed Defendant's vehicle to a side street, and activated the police car lights and siren. Defendant immediately pulled over and the officers stopped the police car behind Defendant's vehicle.

After both vehicles were stopped, Detective James exited his vehicle, walked toward Defendant's vehicle, and witnessed Defendant pull a gun out of the front of his pants and hand it to his mother. Detective James then shouted "gun," and Sergeant Pierre-Louis witnessed Defendant's mother reach behind her seat with a gun in her hand and place the gun in a bag on the floorboard. The police officers ordered Defendant and his mother out of the vehicle, and placed both in custody. The police officers proceeded to search the car and located a loaded firearm inside a purse on the driver's side rear floorboard of the car.

Thereafter, Defendant was arrested, issued traffic citations for running a red light and failure to wear a seatbelt, and transported to the police station. At the police station, Defendant waived his *Miranda* rights and provided a statement to Detective Thomas whereby Defendant stated that he saw the police at the intersection, and that his mother had told him to put on his

seatbelt. Defendant's mother also provided a post-*Miranda* statement whereby she stated that Defendant had reached under his shirt and handed her the gun after the police stopped them, and that she had placed the gun in her purse.

On July 22, 2014, Defendant was charged with one count of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g) and 924(e). Defendant filed the instant Motion contending that the initial traffic stop was illegal, and consequently, his statement must be excluded as fruit of the poisonous tree. Defendant also contends that the search of his vehicle was illegal. These arguments will be discussed in turn below.

## ANALYSIS

**Traffic Stop and Statement**

The Fourth Amendment's protection against unreasonable searches and seizures extends to automobiles. *See United States v. Cortez*, 449 U.S. 411, 417 (1981). Nevertheless, a police officer may stop an automobile if the officer has probable cause to believe a traffic infraction was committed or if the officer reasonably suspects that an occupant is engaged in criminal activity. *See United States v. Spoerke,* 568 F.3d 1236, 1248 (11th Cir. 2009) (citing *Terry v. Ohio*, 392 U.S. 1 (1968); *United States v. Cooper*, 133 F.3d 1394, 1398 (11th Cir. 1998)). If a traffic stop is based on probable cause that a traffic violation occurred, the officer's motive in making the traffic stop does not invalidate what is otherwise objectively justifiable behavior under the Fourth Amendment. *See United States v. Simmons*, 172 F.3d 775, 778 (11th Cir. 1999) (citing *Whren v. United States*, 517 U.S. 806, 810 (1996)).

Here, Defendant contends that the Government cannot prove that the police officers had probable cause to believe he committed a traffic infraction. And because the stop was illegal, Defendant argues, the testimonial evidence obtained thereafter must be suppressed as fruit of the

poisonous tree pursuant to *Wong Sun* and *Chanthasoxat*. *See Wong Sun v. United States*, 371 U.S. 471 (1963); *United States v. Chanthasoxat*, 342 F.3d 1271 (11th Cir. 2003).

Despite these arguments, Officers James and Pierre-Louis provided ample and credible testimonial evidence that Defendant committed two traffic infractions prior to being stopped. This testimony is corroborated by Defendant's statement that he saw the red light at the intersection and that his mother had told him to put on his seatbelt. Accordingly, the officers had probable cause to stop the vehicle. *See, e.g., Whren*, 517 U.S. at 810. Because the stop was constitutional, there is no basis for the suppression of Defendant's post-*Miranda* statement. *See United States v. Lopez-Garcia*, 565 F.3d 1306, 1315 (11th Cir. 2009) (finding that the defendant's "fruit of the poisonous tree argument plainly collapses since . . . his Fourth Amendment rights were never violated").

**Vehicle Search**

During a traffic stop, police officers may conduct a limited search of the motorist and vehicle upon reasonable belief that the motorist is potentially dangerous or may gain immediate control of weapons. *See Michigan v. Long*, 463 U.S. 1032, 1049-50 (1983); *see also, Riley v. City of Montgomery, Ala.*, 104 F.3d 1247, 1253 (11th Cir. 1997). Warrantless automobile searches may also be upheld on other grounds, including if there is probable cause to believe an automobile contains contraband or evidence of a crime, or if illegal objects can be seen in plain view. *See United States v. Watts*, 329 F.3d 1282, 1286 (11th Cir. 2003) (holding that authorities may conduct a warrantless search of an automobile where: (1) the automobile is "readily mobile"; and (2) the authorities have probable cause); *United States v. Jonas*, 639 F.2d 200, 203 (5th Cir. 1981) ("The plain view doctrine permits seizure of objects falling within the plain view of an officer who has a right to be in the position to have that view.").

In this case, the vehicle search was constitutional for several reasons. At the outset, the police officers who conducted the search testified at the suppression hearing that while they were in the process of conducting the traffic stop, they observed the Defendant hand a gun to his mother, and also observed Defendant's mother place the gun in the bag on the floorboard. The undersigned finds this testimony to be credible, especially in light of the corroborating statements from Defendant and his mother. Thus, the search of the vehicle for the gun is justified as a plain view search. *See Jonas*, 639 F.2d at 203. Additionally, the presence of the gun indicated to the officers that Defendant was potentially dangerous, thus justifying a limited search of the vehicle and Defendant's person. *See Michigan*, 463 U.S. at 1049-50. The undersigned finds that the officers' belief was reasonable and therefore the search was justified. *See id.*

## RECOMMENDATION

In conclusion, this Court **RECOMMENDS** that Defendant's Motion to Suppress (DE 15) be **DENIED**.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Robin L. Rosenberg within *fourteen (14) business days*. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144,

1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 10th day of September, 2014.

*James M. Hopkins*

_____
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Robin L. Rosenberg
Counsel of record